UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BIRHANU SENDEK, | ) |
|        Plaintiff, | ) |
| v. | ) Case No. 1:21-cv-00923 (RDM) |
| 7-ELEVEN, INC., | ) |
|        Defendant. | ) |

**DEFENDANT 7-ELEVEN, INC.'S NOTICE OF INTENT
TO FILE ITS MOTION FOR SUMMARY JUDGMENT**

Defendant 7-Eleven, Inc. ("7-Eleven"), by counsel, respectfully sets forth the basis for its forthcoming Motion for Summary Judgment in anticipation of the pre-motion conference, currently scheduled for November 23, 2021, pursuant to the Standing Order entered by this Court on April 7, 2021.  (*ECF Doc. 6*).

**FACTUAL BACKGROUND**

The key facts in this case are not in dispute.  Plaintiff Sendek Birhanu ("Plaintiff") (Black/African American), was hired by 7-Eleven on or around September 9, 2019, as the General Manager of its recently opened corporate flagship convenience Store No. 38711, located at 504 K Street NW, in Washington, D.C.  7-Eleven has a few flagship stores around the country.  Flagship stores are intended to showcase new concepts and maintain a higher profile than the average 7-Eleven convenience store.

Plaintiff's responsibilities as General Manager, among many others, included hiring and training store staff and ensuring that all employees adhered to the safety and security protocols of the store.  Restaurant Manager Mina Bebawy ("Bebawy") (White) was responsible for managing the restaurant (Laredo Taco Company) within the store.  Senior Area Manager of Flagship

Operations Joseph Horn ("Horn") directly supervised Plaintiff and Bebawy during their employment.

On April 24, 2020, a customer came into the store while the employees were having a team meeting. Based on the observations of another employee, Plaintiff was informed the customer allegedly put items of store merchandise in his pocket. Sendek Dep. 50:6-14. Store employees, including Plaintiff, confronted the suspected shoplifter about not paying for the merchandise. Sendek Dep. 51:2-7. The customer then became very upset, started yelling, and started physically attacking store employees, including Plaintiff and Bebawy. Sendek Dep. 51:8-18. Other team members stepped in and escorted the suspected shoplifter out of the store, and Plaintiff locked the door. Sendek Dep. 52:15-19. The team then realized they locked another store associate, Korols Massoud ("Massoud"), outside. Sendek Dep. 52:20-53:8. The suspected shoplifter then physically attacked Massoud outside of the store. Sendek Dep. 53:3-8. Plaintiff then opened the door, picked up a piece of wood from outside the store door, and chased the shoplifter until the police arrived. Sendek Dep. 53:21-54:5.

Plaintiff's actions violated a number of company safety protocols regarding how to handle suspected shoplifters. All store employees are required to complete 7-Eleven's shoplifting and robbery prevention training, which Plaintiff completed on September 9, 2019. Sendek Dep. 40:6-11. 7-Eleven has a strict policy of non-confrontation regarding suspected shoplifters to avoid the exact type of incident that occurred, including explicit instructions not to accuse the person of stealing, to stay at least one arm's length away from the shoplifter, and not to try to stop or chase after the shoplifter or use a weapon, or potential weapon of any kind. Plaintiff's actions violated all of these safety protocols. Additionally, Plaintiff's actions violated 7-Eleven's Personal Weapons Policy which prohibits the use of a personal weapon while conducting 7-Eleven business.

After Plaintiff reported the April 24, 2020 incident to Horn, Horn reported the incident up the chain of command to Director of Operations James ("Jim") Evans and Human Resources Business Partner Cheryl Smith (Black).  They reviewed statements from other employees present at the store and reviewed the store security video of the incident.  Horn, Evans, Smith, and Human Resources Leader Elaine Johnson, had a discussion about what personnel actions should be taken in light of this situation.  Initially, they planned to terminate both Plaintiff and Bebawy.  After further review, the group gathered more information and determined that Bebawy was acting defensively when attacked by the suspected shoplifter and did not chase the suspected shoplifter with a potential weapon.  Plaintiff, on the other hand, was the store leader and the other employees followed his example.  By grabbing a potential weapon and chasing the suspected shoplifter after he had already left the store, Plaintiff was the most flagrant violator of the company's shoplifter prevention policies.  Additionally, as General Manager, Plaintiff was held to the highest standard of conduct in the situation.  Therefore, the decisionmakers decided to terminate Plaintiff's employment on April 27, 2020, following his mishandling of the incident and give the other employees involved in the incident, including Bebawy, final written warnings.[1]

## LEGAL STANDARDS

Summary judgment is proper only if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).  A dispute over a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."

---

[1] Plaintiff has other minor allegations of unfair treatment by Horn, such as that Horn unfairly confiscated his company-issued phone and laptop. *Compl.*, ¶19. 7-Eleven does not fully address these minor allegations in the interest of brevity but intends to in its impending Motion.

3

*Id.* at 248. The Supreme Court has stated that "at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249.

Plaintiff claims that he was discriminated against on the basis of race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII") and the D.C. Human Rights Act of 1977 ("D.C. H.R.A."). Title VII makes it "an unlawful employment practice for an employer . . . to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Under these laws, disparate-treatment claims are analyzed under the familiar burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). First, the plaintiff has the burden of proving by the preponderance of the evidence in a prima facie case of discrimination. *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981) (citation and internal quotation marks omitted). Second, if the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant to articulate some legitimate, nondiscriminatory reason for the employee's rejection. *Id.* Third, should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination. *Id.*

## ARGUMENT

7-Eleven intends to move for summary judgment because Plaintiff cannot show there is a genuine issue of material fact regarding the legitimate, non-discriminatory reason for his termination. Plaintiff can offer no proof to rebut 7-Eleven's legitimate, non-discriminatory reason for terminating him – because he chased a shoplifter with a weapon. In contravention of Plaintiff's

4

training and 7-Eleven policy, Plaintiff admits that he picked up a piece of wood as a weapon from outside the store door and chased the shoplifter until the police arrived.  Sendek Dep.  53:21-54:5.

Under the *McDonnell-Douglas* framework, Plaintiff must prove that the legitimate reasons offered by 7-Eleven for his termination were a mere pretext for discrimination.  Plaintiff's sole allegation of pretext is that an alleged comparator, Bebawy, was not terminated as a result of his participation in the incident.  In order to properly raise a triable issue of fact on pretext, Plaintiff must show that Bebawy or other employees were similarly situated comparators, which he cannot do here.

Plaintiff cannot show that Bebawy or any other employees were similarly-situated comparators both because their conduct was not similar and their positions were not the same or similar, as they did not hold the same level of responsibility in the workplace.  Case law in the D.C. Circuit has held that "[t]wo employees are not 'similarly situated' merely because both of their actions had the potential to impact their employers' bottom-line."  *Kassim v. Inter-Continental Hotels Corp.*, 997 F. Supp. 2d 56, 64 (D.D.C. 2013).   The Court instead must focus its inquiry on whether the employees "have [both] been subject to the same standards and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it."  *Id.*  Ultimately, "material differences in their conduct and responsibilities" can render employees improper comparators."  *Burley v. Nat'l Passenger Rail Corp.*, 33 F. Supp. 3d 61, 74 (D.D.C. 2014).  Additionally, cases in the D.C. Circuit have held that comparators were not similarly situated when two employees "held different positions, which necessarily entailed different job functions and responsibilities." *Burke v. Inter-Con Sec. Sys.*, 926 F. Supp. 2d 352, 359 (D.D.C. 2013).

Here, the conduct of alleged comparator Bebawy was not similar. Plaintiff does not dispute that Bebawy did not chase after the suspected shoplifter with a potential weapon, as Plaintiff did. Plaintiff cannot offer any evidence to rebut 7-Eleven's evidence that the relevant decisionmakers believed that Plaintiff's conduct was more severe than Bebawy's. Further, as a General Manager, Plaintiff was responsible for the entire store (Sendek Dep. 46:9-12) and held to a higher standard of conduct than Restaurant Manager Bebawy, who managed the restaurant portion of the store. Plaintiff cannot dispute 7-Eleven's evidence that the decisionmakers held Plaintiff's conduct to the highest standard as the General Manager of the store. Accordingly Plaintiff cannot establish a genuine issue of material fact on pretext.[2]

## CONCLUSION

The foregoing sets forth an overview of basis of Defendant 7-Eleven, Inc.'s proposed Motion for Summary Judgment. Defendant respectfully requests that the Court enter a briefing schedule for its proposed Motion.

Dated: October 22, 2021                                   Respectfully Submitted,

                                                             /s/ Eric A. Welter
Eric A. Welter (D.C. Bar No. 440223)
Brad W. Goldstein (D.C. Bar No. 1025209)
**WELTER LAW FIRM, P.C.**
20130 Lakeview Center Plaza, Suite 400
Ashburn, VA 20147
(703) 435-8500
(703) 435-8851 (fax)
eaw@welterlaw.com
bwg@welterlaw.com
*Attorneys for Defendant*

---

[2] Plaintiff's remaining peripheral allegations, such as that Horn unfairly confiscated his cell phone and laptop, even if taken as true, would not be sufficient to establish a claim of discrimination.

## CERTIFICATE OF SERVICE

    I hereby certify that on the 22nd day of October, 2021, a true and correct copy of the foregoing DEFENDANT 7-ELEVEN, INC.'S NOTICE OF INTENT TO FILE ITS MOTION FOR SUMMARY JUDGMENT has been served via email to:

Reshad Favors, Esq.
Burns Sheppard Favors, PLLC
655 15th Street, NW 8th Floor
Washington, D.C. 20005
(202) 508-8249
reshad@bsflegal.com

Attorneys for Plaintiff

                                        */s/ Eric A. Welter*
                                        Eric A. Welter, Esq.